**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES EICKLEBERRY, et al. | : | |
| | : | Civil Action No. 09-1556 (NLH) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| H. LAPPIN, et al., | : | |
| | : | |
| Defendants. | : | |

Appearances:

Plaintiffs, pro se
Charles Eickleberry
Timothy Junkert
Scott Burhyte
Michael Jackson
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN, District Judge**:

    Plaintiffs Charles Eickleberry, Timothy Junkert, Scott Burhyte, and Michael Jackson, inmates confined at the Federal Correctional Institution at Fort Dix, New Jersey, have submitted this Complaint under 42 U.S.C. § 1983 and have asked the Court to allow them to proceed in forma pauperis under 28 U.S.C. § 1915.[1] This requires the Court to determine whether Fed.R.Civ.P. 20

---

[1] An application to proceed in forma pauperis was submitted by Plaintiff Charles Eickleberry, only.

authorizes the joinder of these claims and plaintiffs and, if so, how to assess the filing fee required under 28 U.S.C. § 1915(b).

## I.   FACTUAL BACKGROUND

Plaintiffs allege that the conditions at the Federal Correctional Institution at Fort Dix violate their Eighth Amendment right to be free from cruel and unusual punishment. They allege deficiencies with respect to cleanliness, toxins (e.g., asbestos exposure), ventilation, lighting, overcrowding, plumbing, insect infestations, access to the law library, and recreational facilities.  The Complaint is followed by various "affidavits" alleging facts specific to each of the various plaintiffs.[2]

Plaintiffs name as defendants officials at FCI Fort Dix as well as the Director of the Bureau of Prisons.  Plaintiffs seek injunctive relief and monetary damages.

## II.   ANALYSIS

Title 28 section 1915 governs proceedings in forma pauperis and imposes special limitations with respect to in forma pauperis actions brought by prisoners.  Rule 20 governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or

---

[2] In addition to affidavits by the named plaintiffs, there are included affidavits signed by a non-plaintiff Nicholas Simons.

arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20.  In <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied.  <u>Boriboune v. Berge</u>, 391 F.3d 852 (7th Cir. 2004).  Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions.  391 F.3d at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found

that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20.  See Wasko v. Allen County Jail, 2006 WL 978956 (N.D.Ind. 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. 2006).  Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.  These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult.  A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates." Swenson, 2006 WL 240233, *4.

This Court finds the reasoning of these district courts persuasive.  Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult.  For example, here, the names of two intended plaintiffs are redacted from the Complaint.  Yet, Plaintiffs have submitted, in support of the Complaint, two "affidavits" executed by a non-plaintiff in addition to two Plaintiffs.  This suggests some complication even in the preparation of a complaint.

In addition, Plaintiffs here have asserted claims that require individualized screening pursuant to 28 U.S.C. § 1915(e)(2). Specifically, only Plaintiff Charles Eickleberry challenges the adequacy of medical and dental services, claims that would require proof of individual harm. In addition, in the body of the Complaint, Plaintiffs challenge the adequacy of legal services. While there is no "abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense," Lewis v. Casey, 518 U.S. 343, 351 (1996), an inmate may establish a claim for denial of his right of access to the courts by demonstrating that shortcomings in the law library hindered his efforts to pursue a non-frivolous claim challenging a conviction or conditions of confinement, Bounds v. Smith, 430 U.S. 817, 828 (1977). Such access-to-courts claims, however, must be evaluated on an individual basis.

Moreover, joinder of Plaintiffs' claims would permit all Plaintiffs to avoid the risk of a "strike" under § 1915(g) if even one Plaintiff states a claim, because § 1915(g) imposes a strike only if the entire action is dismissed. This prospect is particularly evident in this matter, where the Plaintiffs seek leave to proceed in forma pauperis based upon the application of Plaintiff Charles Eickleberry, who was recently denied leave to

5

proceed in forma pauperis in another civil action in this Court based upon his prior "strikes" under § 1915(g). See Eickleberry v. United States, Civil Action No. 09-1048.[3]  This action cannot proceed in forma pauperis based upon the application of Plaintiff Eickleberry.[4]

For all of the foregoing reasons, joinder is not appropriate.

Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just."  It would not be just merely to dismiss all but the lead Plaintiff from this case.  Instead, this Court will direct the Clerk to open a separate case for each of the other Plaintiffs in this action.  Each of the Plaintiffs will be granted leave to file an amended complaint asserting his individual claims and to meet the filing fee requirement by prepaying the $350 filing fee or submitting an application demonstrating his eligibility to proceed in forma pauperis.

Nothing in this Opinion should be construed as precluding any or all of the Plaintiffs from cooperating to the extent that

---

[3] The "strikes" attributable to Plaintiff Eickleberry include Eickleberry v. Graham, No. 96-7069 (7th Cir.); Leonard, et al. v. Helman, Civil Action No. 95-1259 (C.D. Ill.); Haley et al. v. Ryan, Civil Action No. 96-1259 (C.D. Ill.).

[4] Nothing in the allegations of the Complaint suggest that Plaintiff is in imminent danger of serious physical injury.

they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

### III. CONCLUSION

For the reasons set forth herein, this Court finds that joinder of Plaintiffs' claims under Rule 20 is not suitable.  An appropriate Order follows.


At Camden, New Jersey                    s/Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated: April 8, 2009